CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 23 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TRAVIS MacDERMOTT,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>    Defendant. | Civil Action No. 7:13CV00122<br><br>**MEMORANDUM OPINION**<br><br>By:  Hon. Glen E. Conrad<br>       Chief United States District Judge |

      Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

      The plaintiff, Travis D. MacDermott, was born on April 17, 1964, and eventually reached the eighth grade in school. At the administrative hearing, Mr. MacDermott testified that he had earned a GED. (TR 47). Plaintiff has worked in a variety of work roles, including route salesman, assistant manager at a fast food restaurant, carpenter, construction laborer, grinder operator, and warehouse packer. He last worked on a regular basis in 2008. On July 30, 2009, Mr. MacDermott

filed applications for disability insurance benefits and supplemental security income benefits. An earlier application for social security benefits had proven unsuccessful. In filing his more recent claims, plaintiff alleged that he became disabled for all forms of substantial gainful employment on September 30, 2008, due to a stroke with residual brain injury, unstable balance, short term memory loss, and lack of mechanical skills. Mr. MacDermott now maintains that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally, 42 U.S.C. §§ 416(i) and 423(a).

Mr. MacDermott's claims were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated September 19, 2011, the Law Judge also found that plaintiff was not disabled. The Law Judge determined that Mr. MacDermott suffers from several impairments on the bases of a history of stroke with residuals, unspecified cognitive disorder, borderline intellectual functioning, adjustment disorder, pain disorder, and back disorder. The Law Judge held that Mr. MacDermott's impairments, considered singly or in combination, do not meet or equal an impairment listed under Appendix 1 to Subpart P of the Administrative Regulations Part 404.[1] Despite his impairments, the Law Judge ruled that plaintiff possesses residual functional capacity for light work activities. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except for that which requires climbing ladders,

---

[1] If a claimant suffers from an impairment or impairments which meet or equal a listing under Appendix 1, the claimant must be found disabled without considering factors such as age, education, and work experience. See 20 C.F.R. §§ 404.1520(d) and 416.920(d).

2

> ropes, or scaffolds; involves more than occasional kneeling, crouching, crawling, stooping/bending, or climbing ramps/stairs; requires concentrated exposure to hazards; or is not simple and unskilled in nature.

(TR 30). Given such a residual functional capacity, the Law Judge held that Mr. MacDermott retains sufficient functional capacity to return to his past relevant work as a packer. After considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge also determined that Mr. MacDermott retains sufficient functional capacity to perform several other work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mr. MacDermott is not disabled, and that he is not entitled to benefits under either federal program. See generally, 20 C.F.R. §§ 404.1520(f) and (g), and 416.920(f) and (g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. MacDermott has now appealed to this court

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mr. MacDermott suffered a

right cerebral vascular accident secondary to internal carotid dissection in September of 2005. While he initially experienced left-sided paralysis, he eventually recovered almost normal function of his upper and lower extremities. However, he continues to experience diminished mental capacity, with symptoms of poor memory, diminished spelling and writing skills, and thinking problems. In connection with his various applications for social security benefits, the state disability agency arranged for consultative examinations by a neurologist and a psychologist, who saw Mr. MacDermott on two separate occasions. After a clinical examination performed on June 14, 2010, the psychologist, Dr. Jeffrey B. Luckett, reported that objective testing measurements for plaintiff's intellectual capacity indicated some decrease in function since the time of earlier testing in July of 2008. Dr. Luckettt also reported a GAF of 49.[2] Nevertheless, the psychologist opined that plaintiff should be able to do simple and repetitive work tasks without difficulty. (TR 364). Relying heavily on Dr. Luckett's evaluation, as well as on reports from another psychologist who conducted a record review during the administrative adjudication of plaintiff's claims, the Administrative Law Judge determined that Mr. MacDermott retains sufficient functional capacity to perform his prior work role as a packer, as well as other simple and repetitive jobs identified by the vocational expert. Given the psychological reports, the court believes that the Administrative Law Judge's assessment of the

---

[2] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A score between 41 and 50 is indicative of serious symptoms or any serious impairment in social, occupational, or school functioning. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 48 (4th ed. text rev. 2000).

record is supported by substantial evidence. It follows that the final decision of the Commissioner must be affirmed.

Following his more recent intellectual assessment on June 14, 2010, the psychologist, Dr. Luckett, diagnosed cognitive disorder, chronic adjustment disorder with depressed mood, pain disorder, and borderline intellectual functioning. Dr. Luckett questioned plaintiff's poor performance in the various psychological studies performed as part of the intellectual assessment, as compared to the testing results from the earlier assessment. Dr. Luckett commented as follows:

> In the July 2008 evaluation, it was noted the claimant underwent an internal carotid artery dissection and experienced a subsequent CVA. He has had no further CVA events since that time based on his own self-report. This is particularly noteworthy because the claimant's testing and the current evaluation appears to be quite poor versus his own prior testing of July 2008. For example, on the Wechsler Adult Intelligence Scale-Fourth Edition (WAIS-IV), the claimant's previous performance included the following scores: Verbal IQ score of 74 (4th percentile); Performance IQ score of 79 (8th percentile) and a Full Scale IQ score of 75 (5th percentile). This performance placed Mr. MacDermott within the Borderline Range of intellectual abilities during the July 2008 evaluation. In the current evaluation, the claimant's Full Scale IQ was 57 (0.2 percentile). This would indicate a drop of 18 points in his Full Scale IQ despite there being no additional cerebral events and the claimant's level of depression is only three points higher than what was measured in July of 2008. As will be seen in just a moment, the claimant's performance on his Mini-Mental Status Exam (MMSE) was 10 points lower than his previous performance of July 2008. In July 2008, he was able to answer 23 of 30 items in the desired direction. In the current evaluation using the same cognitive capacity screening examination, he was able to 13 of 30 items in the desired direction. With no evidence of any particular event or issue that would be further complicating his cerebral/IQ abilities, one questions where these additional deficits are coming from.

(TR 359). Dr. Luckett went on to assess plaintiff's capacity for work activity:

> In regards to employment, as noted in the July 2008 and in the current evaluation, it is restated the claimant has been able to work successful at 8-hours per day since his CVA. This was demonstrated in the week prior to his July 2008 evaluation and since his work at Elizabeth Arden, he has worked an additional six months at the Graham White Company. The claimant would be able to do simple and repetitive tasks without difficulty. He would not be able to perform more detailed and complex tasks.

5

> Once he has grasped the nature of his employment responsibilities he would not require specialized supervision. He would be able to model himself off other, people in regards to doing assembly line type work.

(TR 364-65). The court believes that the Administrative Law Judge reasonably relied on Dr. Luckett's findings and impressions in concluding that Mr. MacDermott is not disabled for all forms of work.

On appeal to this court, plaintiff asserts that the Administrative Law Judge erred in determining that the medical evidence does not support a finding of a listed impairment under Appendix 1. Mr. MacDermott maintains that while the Law Judge mentioned Listing 12.02 of Appendix 1, the Law Judge did not offer any reasoning in support of the finding that Mr. MacDermott's medical condition does not meet or equal the listing under Rule 12.02(C) of Appendix 1.[3] Plaintiff emphasizes that his low IQ and low GAF strongly support a finding of equivalence under this particular listing.

The court believes that the opinion of the Law Judge adequately addresses the issue identified by plaintiff. In his opinion, the Law Judge commented as follows:

> The undersigned has also considered whether the "paragraph C" criteria of 12.02, 12.04, and 12.07 are satisfied. In this case, the evidence fails to establish the presence of the "paragraph C" criteria. There is no evidence that depression has caused repeated episodes of decompensation, renders claimant unable to function outside a highly supportive living arrangement, or is accompanied by a residual disease process

---

[3] Listing 12.02(C) reads as follows:
  Medically documented history of a chronic organic mental disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psycho-social support, and one of the following:
   1. Repeated episodes of decompensation, each of extended duration; or
   2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
   3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

6

> that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the claimant to decompensate.

(TR 30). In terms of the listings, the Law Judge clearly relied on the findings and impressions of the state agency psychologist who conducted a record review as part of the administrative adjudication of plaintiff's claim. (TR 29-30). The record reveals that Ms. Julie Jennings, a psychologist, reviewed all medical evidence in connection with the reconsideration of the administrative denial of plaintiff's applications. Ms. Jennings commissioned the second clinical examination by Dr. Luckett (TR 133), and she referenced Dr. Luckett's report in determining that Mr. MacDermott does not suffer from an impairment which meets or equals any of the listings. (TR 134). Ms. Jennings specifically considered whether plaintiff's impairments meet or equal the listing under Rule 12.02(C) of Appendix 1. (TR 133-34). Ms. Jennings explicitly relied on Dr. Luckett's second report in making her assessment. (TR 135). The court believes that the Law Judge might reasonably credit Ms. Jennings' findings and conclusions in determining that Mr. MacDermott's condition does not meet or equal any of the appropriate listings.

For the reasons stated, the court must conclude that the Commissioner's denial of plaintiff's applications is supported by substantial evidence. It follows that the final decision of the Commissioner must be affirmed. In affirming the Commissioner's final decision, the court does not suggest that Mr. MacDermott is free of all mental difficulty and physical discomfort. Indeed, the medical record confirms that plaintiff has suffered from a significant right cerebral vascular accident which has resulted in definite intellectual limitations and related manifestations. However, as emphasized by Dr. Luckett, it must again be noted that plaintiff actually worked after his stroke. Moreover, the psychologist opined that plaintiff had recovered to such an extent as to permit

performance of simple and repetitive work activities. Given the restrictions identified by Dr. Luckett and the consultative neurologist, the vocational expert identified several jobs in which Mr. MacDermott could be expected to perform. It must be recognized that the inability to do work without any subjective problems does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. The court concludes that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 22ᵈ day of January, 2014.

*[signature]*

Chief United States District Judge